| In re (SHORT TITLE) | CHAPTER: 07 |
|---|---|
| Tae H Kim,                                                                   Debtor. | CASE NO.: 2:09-bk-15442-BR |

**FILED & ENTERED**

**NOV 30 2009**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fortier    **DEPUTY CLERK**

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

JaVonne M. Phillips, Esq., SBN 187474
Merdaud Jafarnia, Esq., SBN 217262
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, California 92101
Phone (619) 685-4800 Fax (619) 685-4810

☐ *Individual appearing without counsel*
☒ *Attorney for:* Aurora Loan Services, LLC, its assignees and/or successors

FOR COURT USE ONLY

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| In re: | CHAPTER: 07 |
|---|---|
| Tae H Kim, | CASE NO.: 2:09-bk-15442-BR |
|  | DATE: 11/24/09 |
|  | TIME: 10:00AM |
|  | CTRM: 1668 |
|  | FLOOR: 16 |
| Debtor. | |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
## (MOVANT: Aurora Loan Services, LLC, its assignees and/or successors)

1. The Motion was: ☐ Contested ☒ Uncontested ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):

   Street Address:  16521 Grunion Lane 207
   Apartment/Suite No.:
   City, State, Zip Code:  Huntington Beach, CA 92649

   Legal description or document recording number (including county of recording): 20070001506987, Orange County, California

   ☒ See attached page

3. The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2) ☐ 11 U.S.C. § 362(d)(3)
   ☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.

   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.

   c. ☐ Modified or conditioned as set forth in Exhibit  to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof

This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion.  Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

*Revised May 2004*                                                                                              **F4001-1O.ER**

| In re<br>Tae H Kim, | (SHORT TITLE) | CHAPTER: 07 |
|---|---|---|
| | Debtor. | CASE NO.: 2:09-bk-15442-BR |

of Claim pursuant to 11 U.S.C. § 501.

(Continued on next page)

Order on Motion for Relief From Stay (Real Property) – Page 2 of 6  **F 4001-1O.RP**

| In re<br>Tae H Kim, | (SHORT TITLE) | CHAPTER: 07 |
|---|---|---|
| | Debtor. | CASE NO.: 2:09-bk-15442-BR |

6. ☐ Movant shall not conduct a foreclosure sale before the following date *(specify):*

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

    ☒ transfer of all or part of ownership of, or interest in, the Property without the consent of the secured creditor or court approval.

    ☐ multiple bankruptcy filings affecting the property.

    If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court orders as follows:

    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    c. ☒ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER).*

    d. ☒ See attached continuation page for additional provisions.

DATED: November 30, 2009

_____
United States Bankruptcy Judge

This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

*Revised May 2004*  **F4001-1O.ER**

| In re<br>Tae H Kim, | (SHORT TITLE) | CHAPTER: 07 |
|---|---|---|
| | Debtor. | CASE NO.: 2:09-bk-15442-BR |

# (*OPTIONAL*)
# EXTRAORDINARY RELIEF ATTACHMENT
# MOVANT: <u>Aurora Loan Services, LLC, its assignees and/or successors</u>)

*(This Attachment is the continuation page for Paragraph __10 c__ of the foregoing Order.)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings, this court further orders as follows:

1. ☒ This Order is binding and effective in any bankruptcy case commenced by or against the Debtor(s) for a period of 180 days from the hearing of the Motion.

2. ☒ This Order is binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of the Motion.
   - ☐ without further notice.
   - ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☒ This Order is binding and effective in any bankruptcy case commenced by or against any debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of the Motion.
   - ☐ without further notice.
   - ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ This Order is binding and effective in any future bankruptcy case, no matter who the debtor(s) may be
   - ☐ without further notice.
   - ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☒ The Debtor(s) is/are hereby enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of the Motion except as may be authorized by further order of this Court, and any transfer in violation of this Order is void.

6. ☒ The Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of the Motion.
   - ☐ without further notice.
   - ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

---

This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

*Revised May 2004* **F4001-1O.ER**

| In re | (SHORT TITLE) | | CHAPTER: 07 |
|---|---|---|---|
| Tae H Kim, | | Debtor. | CASE NO.: 2:09-bk-15442-BR |

7. ☐ Other (*specify*):

|  |
|---|
| BR |
| Judge's Initials |

This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion.  Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

*Revised May 2004*                                                                                                        **F4001-1O.ER**

| In re<br>Tae H Kim, | (SHORT TITLE) | CHAPTER: 07 |
|---|---|---|
| | Debtor. | CASE NO.: 2:09-bk-15442-BR |

Legal Description

THE LAND IS SITUATED IN **CITY OF HUNTINGTON BEACH**, COUNTY OF **ORANGE** STATE OF **CALIFORNIA**, AND DESCRIBED AS FOLLOWS:
PARCEL A:
UNIT 8 IN BUILDING 1 ON LOT 1 OF TRACT NO. 10736, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN ("PLAN") WHICH WAS RECORDED JUNE 18, 1981 IN BOOK 14107 PAGE 18 ET SEQ., OFFICIAL RECORDS, ORANGE COUNTY, CALIFORNIA,
PARCEL 2:
AN UNDIVIDED ONE-SIXTIETH (1/60) INTEREST AS TENANTS IN COMMON IN A LEASEHOLD ESTATE IN AND TO ALL OF THE REAL PROPERTY, INCLUDING WITHOUT LIMITATION ON THE COMMON AREAS DEFINED IN THE DECLARATION ON LOT 1 OF TRACT NO. 10736, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED ON FEBRUARY 18, 1981 IN BOOK 484 PAGES 29 AND 30 INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPTING THEREFROM UNIT 1 THROUGH 20, INCLUSIVE IN BUILDINGS I THROUGH III, INCLUSIVE ON LOT 1 OF TRACT NO. 10736 AS SHOWN ON THE PLAN.
EXCEPTING THEREFROM FURTHER THEREFROM ALL IMPROVEMENTS AND APPURTENANCES LOCATED OR TO BE LOCATED ON SAID LOT 1 OF TRACT NO. 10736.
PARCEL 3:
NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS AND FOR OTHER PURPOSES, ALL AS SHOWN IN THE PLAN AND AS DESCRIBED IN THE DECLARATION.
PARCEL 4:
EXCLUSIVE EASEMENT APPURTENANCE TO PARCELS NO. 1 AND 2 DESCRIBED ABOVE, FOR USE AND OCCUPANCY FOR PATIOS AND DECKS, IN, TO AND OVER THOSE PORTIONS OF LOT 1 OF TRACT NO, 10736 DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION AS DESCRIBED AND ASSIGNED IN THE PLAN.
PARCEL B:
IMPROVEMENTS
PARCEL 1:
AN UNDIVIDED ONE-SIXTIETH (1/60TH) FEE SIMPLE INTEREST IN AND TO ALL THE IMPROVEMENTS AND APPURTENANCES LOCATED ON LOT 1 OF TRACT NO. 10736, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP THEREOF RECORDED ON FEBRUARY 18, 1991 IN BOOK 484 PAGES 29 AND 30 INCLUSIVE, MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, CALIFORNIA ("IMPROVEMENTS").
PARCEL 2:
NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS AND FOR OTHER PURPOSES, ALL AS SHOWN IN THE PLAN AND AS DESCRIBED IN THE DECLARATION, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

PARCEL 3:

EXCLUSIVE EASEMENT APPURTENANT TO PARCELS NO. 1 AND 2 DESCRIBED ABOVE, FOR USE AND OCCUPANCY FOR PATIOS AND DECKS, IN, TO AND OVER THOSE PORTIONS OF LOT 1 OF TRACT NO. 10736 DEFINED AS RESTRICTED COMMON AREAS IN THE DECLARATION AS DESCRIBED AND ASSIGNED IN THE PLAN, TO THE EXTENT SUCH EASEMENTS ARE LOCATED ON THE IMPROVEMENTS.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-10.RP

| In re<br>Tae H Kim, | (SHORT TITLE) | CHAPTER: 07 |
|---|---|---|
| | Debtor. | CASE NO.: 2:09-bk-15442-BR |

**Continuation Page For Additional Provisions Pursuant To 10 (d) Of Attached Order**

**The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law.  The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.  Any such agreement shall be non-recourse unless included in a reaffirmation agreement.**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*October 2009*

**F 4001-10.RP.**

| In re | (SHORT TITLE) | CHAPTER: 07 |
|---|---|---|
| Tae H Kim, | | |
| | Debtor. | CASE NO.: 2:09-bk-15442-BR |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of    11/26/09    , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

**United States Trustee**  
ustpregion16.la.ecf@usdoj.gov

**Alberta P. Stahl**  
trusteestahl@earthlink.net

**McCarthy & Holthus, LLP.**  
bknotice@mccarthyholthus.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

**DEBTOR -** Tae H Kim   4499 Via Marisol Avenue Los Angeles, CA 90042

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*October 2009*                                                                                                                **F 4001-10.RP.**